## Slaton v. Milburn.

(Decided May 21, 1918.)

### Appeal from Breckinridge Circuit Court.

1. Husband and Wife—Alienation of Affections—Instructions—Evidence.—In a suit for alienation of affections the court admitted evidence of the conduct of defendant after the separation and after the suit was filed, but by an instruction confined the effect of the testimony concerning conduct subsequent to the filing of the suit to bearing only on the relation of the parties and their condition of mind toward each other which might be considered by the jury for the purpose of determining whether defendant was guilty of acts and conduct which brought about the alienation: Held that to so limit the effect of that testimony was proper, and that it was not error to refuse to qualify similar testimony occurring between the time of the separation and the filing of the suit.

2. Husband and Wife—Alienation of Affections—Evidence—Verdict. —Evidence examined and found to be sufficient to authorize the verdict of the jury finding the defendant guilty of the alienation complained of by plaintiff, and that the verdict on that issue was not flagrantly against the evidence.

DAVID R. MURRAY and GUS BROWN for appellant.

JOHN P. HASWELL, JR. and D. C. WALLS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS.—Affirming.

The appellee, Milburn, who was plaintiff below, seeks damages by this suit of the appellant, Slaton, who was defendant below, for the alienation by the defendant of the affections of plaintiff's wife. The answer was a traverse of the averments of the petition, and upon trial the jury returned a verdict for the sum of $500.00 in favor of plaintiff, upon which judgment was rendered, and to reverse it the defendant prosecutes this appeal.

A number of alleged errors were insisted upon in the motion for a new trial, among which is the improper admission and rejection of testimony, but counsel for appellant in their brief say that "There are many objections overruled and sustained by the court as to the evidence produced. We do not mean to bother the court with these minor questions." We are disinclined to be less generous to ourselves than is counsel, and will therefore not bother ourselves with those minor questions, especially since the reading of the record fully justifies the course of appellant's counsel, as well as ours.

The two points urged here against the judgment are (1) that the evidence is insufficient to show that defendant alienated the affections of plaintiff's wife, and (2) that the court erred in one of the instructions which it gave to the jury. A proper determination of the first ground urged necessitates a brief review of the testimony.

Plaintiff and his wife were married in 1913, and separated about the 22nd day of February, 1916. The ages of the parties are not shown, but it was a second marriage for plaintiff. Up until about the 10th of December, 1915, according to the testimony, the parties lived happily together. About that time plaintiff's wife visited her sister who lived upon a neighboring farm owned by the defendant. After her return from that visit, according to plaintiff's testimony, her conduct toward him was cold and indifferent; but what, if anything, the defendant had to do with bringing about such changed condition the record is silent. About that time, or shortly thereafter the wife met the defendant at a country store. She was riding horseback, her saddle had slipped in some way; the defendant arranged it for her and stated: "That looks about like Claude Milburn's fixing." On the second Sunday before the separation the wife again visited her sister's home, which was on defendant's farm and

about one hundred feet from his residence, and she remained there until the following Wednesday. The defendant met her on the Sunday afternoon of her arrival, and was at her brother-in-law's house where she was that night, the next day and night, on Tuesday and Tuesday night and Wednesday morning, in the afternoon of which day the wife returned home.

Rejected evidence offered by the plaintiff showed the details of some of the conversations which occurred between the wife and the defendant upon that visit, but we are not permitted to look to that testimony. However, that which we can consider shows that defendant and the wife were together often on the three days mentioned. On the Monday following the return of the wife to her home she left her husband and returned to the home of that same sister, and it was the defendant's wagon that went after her and moved her small amount of belongings. From that time on for several weeks the defendant was frequently at the house where the wife was staying, and according to the witness, Dailey, who was the husband of the wife's sister, the defendant and plaintiff's wife were seen at least one time in a compromising attitude. Other witnesses along about that time or afterward, and before the filing of this suit, saw them together occasionally and alone, one time in the barn together, at other times going to places, and being together out upon defendant's farm when no one was near or within sight. They made a trip to the state of Indiana in a buggy and alone. After the separation, the wife filed suit against the plaintiff for divorce, but the record does not show upon what grounds. However, the appellant was very active in developing the testimony in behalf of the wife in the divorce proceeding and went with her and attended upon the taking of her depositions. At one time before the filing of this suit, according to one witness, the defendant and plaintiff's wife were together at a school house at some kind of moving picture show, where they sat together upon the same bench, and during the performance, or at some supposedly appropriate time, the defendant kissed Mrs. Milburn.

Much of this testimony, especially the compromising conduct testified to, is denied by the defendant, but he admits having gone with Mrs. Milburn to a number of the places mentioned by plaintiff's witnesses, but attempts in one way and another to justify himself in doing so.

There is nothing in the record to show any acts or conduct on the part of the plaintiff justifying or authorizing his wife to separate from him, or to show in the least that he was any other than an affectionate husband. Under this state of the record, it can scarcely be insisted that there was not a scintilla of evidence authorizing the submission of the case to the jury, and we are equally convinced that it can not be said that the verdict is flagrantly against the evidence. If we confine ourselves exclusively to the developed facts occurring before the separation, it might reasonably be said that the evidence is not as full and complete as to the alienating acts or conduct of the defendant as is sometimes found, and that it is not sufficient to relieve the case of all doubt. But when we consider that testimony, and defendant's conduct after the separation as showing his state of mind toward the wife, and his probable intentions and purposes in being with her frequently and alone, it makes the case eminently proper to be determined by the jury. Indeed it is in just such cases that the supreme efficiency of the jury system is demonstrated. Looking alone to the record before us, there might be doubts of the propriety of the verdict, but when it is considered that the jury had the witnesses before them, that its members knew the parties and their surroundings and circumstances, it can not be said under the rules governing this court on appeal that the verdict of the jury is not authorized by the evidence.

Discussing the (2) ground relied on, the complained of instruction is No. 4, which reads: "The court instructs the jury that the evidence as to any acts of defendant after the filing of the petition can only be considered by the jury for the purpose of showing the relation of the parties before the filing of said action, if it does so show to any extent." The criticism of this instruction is that instead of the phrase "after the filing of the petition," there should have been inserted (as was done by an offered instruction) "after the separation," the argument being made that the qualifying effect given to such testimony should have applied to all acts and conduct *after* the separation. In one aspect of the case this might appear to be true, but it also may have been true that the affections of the wife were not so completely alienated at the time of the separation as to prevent a reconciliation which might have been prevented and

rendered impossible by the defendant's conduct between that time and the filing of the suit, and plaintiff had the right to allege and recover for anything occurring up to the time of the filing of his suit.

Other instructions fully complied with the law in basing the right of recovery exclusively upon defendant being guilty of alienating the wife's affections and excluding such right if the alienation was brought about by any conduct of the plaintiff. Upon the entire record we see no legal reason for disturbing the verdict, and the judgment is therefore affirmed.